IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00094-PSF-OES

FRANK IRIONS,

    Plaintiff,

vs.

COLORADO DEPARTMENT OF CORRECTIONS,
JOE ORTIZ, in his official capacity as Executive Director; and
JOANIE SHOEMAKER, individually,

    Defendants.
_____

**ORDER ON PENDING MOTIONS**
_____

THIS MATTER is before the Court on Defendants' Partial Motion to Dismiss (Dkt. # 16), filed March 3, 2005, and Motion to Dismiss the Fourth Claim for Relief Against Defendant Joanie Shoemaker (Dkt. # 38), filed July 28, 2005. Additionally, this Order addresses Plaintiff's Further Motion for Extension of Time to Respond to Defendants' Motion to Dismiss the Fourth Claim for Relief Against Joanie Shoemaker (Dkt. # 45), filed August 26, 2005.

**I.    COMPLAINT**

Plaintiff Frank Irions filed his complaint on January 18, 2005. As the complaint was brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 and 42 U.S.C. §§ 1981 and 1983, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. There is supplemental jurisdiction

pursuant to 28 U.S.C. § 1367 over the sole state law claim, the Fifth Cause of Action, for breach of contract and settlement agreement.

Mr. Irions alleges five causes of action arising from his employment as a correctional manager with Defendant Colorado Department of Corrections ("DOC"). He asserts, essentially, that DOC denied him promotional and advancement opportunities, unnecessarily subjected him to discipline and demoted him because of his status as an African-American male. Mr. Irions also alleges that DOC engaged in a pattern and practice of racial discrimination directed towards African-Americans generally. Based on these allegations, he asserts the following five causes of action: race and gender discrimination under Title VII; retaliation under Title VII; violation of 42 U.S.C. § 1981; violation of 42 U.S.C. § 1983; and the previously mentioned state law claim for breach of contract and settlement agreement. As to several of these claims, it is unclear from the face of the complaint whether Mr. Irions asserts them against DOC only, or also against DOC Executive Director Joe Ortiz and Warden Joanie Shoemaker.

## II.   MOTIONS TO DISMISS

Defendants seek dismissal of three of Mr. Irions' claims pursuant to F.R.Civ.P. 12(b)(1), asserting that the Court lacks subject matter jurisdiction, and one claim pursuant to F.R.Civ.P. 12(b)(6), asserting a failure to state a claim as to which relief can be granted.

### A.   Standard of Review

The determination of subject matter jurisdiction pursuant to F.R.Civ.P. 12(b)(1) is a threshold question of law. *See Madsen v. U.S. ex rel. Army Corps of Engineers*, 841

F.2d 1011, 1012 (10th Cir. 1987). In contrast, the purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

### B. Third Cause of Action: Violation of 42 U.S.C. § 1981

Defendants first contend that Mr. Irions' claim against DOC arising under 42 U.S.C. § 1981 must be dismissed because DOC is entitled to Eleventh Amendment sovereign immunity from suits in federal court, and DOC has not waived this immunity. Mr. Irions disagrees that the Eleventh Amendment bars suits against states in federal court after the enactment of Title VII, as demonstrated in *Turner v. Ark. Ins. Dep't.,* 297 F.3d 751 (8th Cir. 2002).

It is well-settled law in this circuit and throughout the country that the Eleventh Amendment prohibits suits in federal court against a state by its own citizens or by citizens of another state. *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Eastwood v. Department of Corrections of State of Okla.*, 846 F.2d 627, 631 (10th Cir. 1988). Because DOC is an arm of the state, it is entitled to sovereign immunity from Mr. Irions' § 1981 claim against it, and that claim must be dismissed.

Eleventh Amendment sovereign immunity remains in effect when state officials are sued for damages in their official capacity in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Garcia v. Board of Educ. of Socorro Consol. School Dist.,* 777 F.2d 1403, 1407 (10th Cir. 1985), *cert. denied*, 479 U.S. 814 (1986). However, under an exception to the sovereign immunity doctrine recognized in *Ex*

*Parte Young,* 209 U.S. 123, 159-60 (1908) and its progeny, state officials may be subject to claims for "prospective" injunctive relief.  Mr. Irions contends that because he is seeking an order of reinstatement from Mr. Ortiz and not just DOC, this constitutes prospective injunctive relief falling under *Ex Parte Young.*

Mr. Irions is correct.  In *Meiners v. University of Kansas*, 359 F.3d 1222 (10th Cir. 2004), the Tenth Circuit stated unequivocally that "[r]einstatement of employment is a form of prospective equitable relief that is within the doctrine of *Ex parte Young.*" *Id.* at 1232.  Mr. Irions' third claim for relief in the complaint expressly states that he is seeking prospective equitable relief running to Joseph Ortiz, Executive Director of the Department, for the violations of 42 U.S.C. § 1981, including but not limited to an order of reinstatement of Mr. Irions to his position.  *See* Amended Complaint ¶ 93-94.  Therefore, that claim falls within the *Ex Parte Young* exception to sovereign immunity to the extent it seeks prospective relief against Mr. Ortiz.  To the extent the claim seeks against the state any sort of retroactive or monetary relief, it is barred by the Eleventh Amendment and must be dismissed.

    **C.**    **Fourth Cause of Action: Violation of 42 U.S.C. § 1983**

Mr. Irions' claim under 42 U.S.C. § 1983 alleges violation of his constitutional right to equal protection under the Fourteenth Amendment.  The Court does not read this claim, as pled in the complaint, to be asserted against the DOC itself, although § 1983 violations by "Defendants," presumably collectively, are averred.  The only relief sought against Defendant Ortiz in his official capacity is for equitable relief.  While damages are sought against Defendant Shoemaker in this claim, it is not clear whether

they are sought in her personal capacity as opposed to her official capacity, or both. Thus, defendants' argument that under § 1983 claims for damages and injunctive relief against the DOC are barred by the Eleventh Amendment or the doctrine of sovereign immunity may not even be pertinent to this claim, except to the extent damages are sought vicariously against DOC through Defendant Shoemaker having acted in her official capacity. To that extent, the Defendants' Partial Motion to Dismiss is granted. However, the claim appears to fall principally, if not exclusively, under the *Ex Parte Young* exception for prospective relief against state officials sued in their official capacities as asserted against Mr. Ortiz. *See* Amended Complaint ¶¶ 99-100. To that extent, the motion is denied.

The Court must also determine whether Defendant Joanie Shoemaker may be subject to Mr. Irion's fourth claim under § 1983. Mr. Irions has named Ms. Shoemaker in her individual capacity. She contends that she is not subject to such liability under the doctrine of qualified immunity.

Qualified immunity protects public officials from individual liability for damages in a § 1983 action unless the officials violated "clearly established . . . constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Mr. Irions contends that Ms. Shoemaker demoted him in violation of his right to equal protection to be free from race and gender discrimination by state officials. This Court cannot say that this right to be free from racially-based or gender-based discrimination was not clearly established well before the time of

Ms. Shoemaker's alleged actions.  Whether Ms. Shoemaker violated the right is an entirely different question.

Primarily at issue is whether Mr. Irions has alleged sufficient facts to state a claim upon which relief can be granted under § 1983. Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.* "By the plain terms of § 1983, two -- and only two -- allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Mr. Irions has made both of these required allegations. The crux of his § 1983 claim against Ms. Shoemaker, a state employee acting under color of state law, is that she demoted him from the position of major to captain because of his race and his gender. He alleges that the pretextual excuse for his demotion was his platonic relationship with a female officer, and that the DOC policy prohibiting such a relationship was enforced selectively on the basis of race and gender interactions between black males and white females. *See* Amended Complaint at 9, ¶ 64. Mr. Irions further avers that as a result of the selective enforcement of the policy, he has been "stereotyped as a Black male with improper sexual desires." Amended

Complaint at 10, ¶ 74.  Mr. Irions additionally claims that a pretextual excuse for his demotion was his disciplining of a non-African-American inferior officer.  *See* Amended

Complaint at 8, ¶¶ 52-58.  Accepting these well-pled allegations as true, as it must at the motion to dismiss stage,  see, e.g., *Dababneh v. FDIC*, 971 F.2d 428, 431 (10th Cir. 1992), the Court finds that Mr. Irions has stated a claim for an equal protection violation under 42 U.S.C. § 1983 against Ms. Shoemaker.

Tenth Circuit case law requires that a plaintiff, to survive a motion to dismiss based on qualified immunity, "articulate the . . . defendant's conduct which violated the right [at issue] with specificity."  *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 517 (10th Cir. 1998).  Additionally, a court "should identify on the record the defendant's conduct that violated clearly established law."  *Id.*  This Court finds that Mr. Irions' allegations that Ms. Shoemaker demoted him on the basis of race and gender, *see* Amended Complaint at 9, ¶¶ 63-66, 73, as well as the cited allegations in the paragraph above, meet a plaintiff's pleading requirements under *Tonkovich*.

**D.     Fifth Cause of Action: Breach of Contract and Settlement Agreement**

Finally, defendants contend that the Eleventh Amendment acts as a constitutional bar to Mr. Irions' fifth cause of action, a state law claim for breach of contract and settlement agreement brought under federal supplemental jurisdiction.  Defendants are correct.  The Eleventh Amendment immunizes a state from liability in federal court on state claims supplemental to a federal action.  *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 120 (1984).  As the Tenth Circuit has noted: "The Eleventh Amendment provides absolute immunity in federal court to state officials for suits alleging breach of contract under state law."  *Clark v. New Mexico Dep't of Corrections*, 58 Fed. Appx. 789 at 791 (10th Cir., Jan. 17, 2003) (citing *Pennhurst*, 465 U.S. at 106).

### III. CONCLUSION

For the reasons stated above, the Court GRANTS in part Defendants' Partial Motion to Dismiss (Dkt. # 16), filed March 3, 2005, to the extent the Amended Complaint does not seek prospective equitable relief, and DENIES the Motion to Dismiss the Fourth Claim for Relief Against Defendant Joanie Shoemaker (Dkt. # 38), filed July 28, 2005.  Plaintiff's Further Motion for Extension of Time to Respond to Defendants' Motion to Dismiss the Fourth Claim for Relief Against Joanie Shoemaker (Dkt. # 45), is DENIED as moot.

DATED: September 30, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Court Judge