IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-0094-PSF-OES

FRANK IRIONS,

Plaintiff(s),

vs.

COLORADO DEPARTMENT OF CORRECTIONS;
JOE ORTIZ, in his official capacity as Executive Director,

Defendant(s).

---

ORDER DENYING PLAINTIFF'S
MOTION FOR SANCTIONS

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  October 20, 2005

Plaintiff has filed a motion in which he asks that defendants be sanctioned for their failure to provide copies of certain tape recordings.  Plaintiff asserts that defense counsel, Rick Dindinger, learned of the existence on these tapes on September 29, 2005, and should have provided them by now.  Instead, according to plaintiff, defense counsel refuses to release them.  As sanctions, plaintiff asks that I enter an order "barring DOC from utilizing any of the tapes to supports its position; ordering DOC to immediately turn over all such tapes," and an award of attorney fees.

Defense counsel agrees that he first learned of the existence of any tapes on September 29, 2005, and states that he is "in the process of reviewing same."  He points out that he has disclosed a part of the tapes, and is in the process of producing others.

## DISCUSSION

Plaintiff has provided no basis whatsoever for any sanctions.

In the case of Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit Court of Appeals provided a list of factors which trial courts should consider before imposing sanctions:

> [A] court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; [and] (4) whether the court warned the party. . . .

Id at 921 (internal quotations and citations omitted).

In determining whether to impose sanctions, or in determining the appropriate sanction to impose in a given set of circumstances, the two key factors which must be considered by a trial court are the degree of willfulness which was present in the offender, and the degree of prejudice which resulted because of the conduct. Gates v. Bando, 167 F.R.D. 90, 102 (D.Colo. 1996). As for the mental state of an offender, a dispositive sanction should be imposed "only when the failure to comply with discovery demands is the result of willfulness, bad faith, or some fault of a party other than inability to comply." Id. at 103.

The other key factor which the trial court must consider is the degree of prejudice which resulted from the conduct of the offender.

> The imposition of dispositive sanctions should be confined to the flagrant case in which it is demonstrated that the [discovery violation] materially affects the substantial rights of the adverse party and is prejudicial to the presentation of his case.

Id at 104 (all internal quotations omitted); Wilson v. Volkswagen of America, Inc., 561, F.2d

494, 503 (4th Cir. 1977), cert. denied, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978).

Plaintiff has shown no evidence either that defendant, or defense counsel, is proceeding in bad faith, or that plaintiff has been prejudiced. Indeed, as defense counsel points out in his Response, plaintiff has never filed a motion in this court seeking an order that would compel defendants to produce the tapes, and discovery is not scheduled to expire until March 1, 2006. Plaintiff is so lacking in any basis for an order of sanctions that I will award to defendants the fees and costs that were incurred in responding to the Motion for Sanctions.

## ORDER

It is therefore ORDERED as follows:

1. Plaintiff's Motion for Sanctions [Doc. 56, filed October 17, 2005] is DENIED.

2. Defendants are awarded the fees and costs that they incurred in filing a response to the motion.

Dated at Denver, Colorado, this day of: October 20, 2005

BY THE COURT:

s/ O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge