IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00094-PSF-OES

FRANK IRIONS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS;
JOE ORTIZ, in his official capacity as Executive Director,

    Defendants.

## ORDER ON PLAINTIFF'S RULE 72 OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

This matter is before the Court on Plaintiff's Rule 72 Objections to Magistrate Judge's Order of October 20, 2005 (Dkt. # 61), filed October 31, 2005. Plaintiff Frank Irions contends that the Magistrate Judge improperly denied his Motion for Sanctions and improperly awarded attorneys fees and costs to the defendants incurred in responding to the Motion for Sanctions.

**I.   BACKGROUND**

Mr. Irions filed his Motion for Sanctions on October 17, 2005 (Dkt. # 56), arguing that in "[t]his matter involv[ing] a claim of discrimination and violation of [his] constitutional and civil rights by the Colorado Department of Corrections," *id.* at ¶1, the defendants' failure to disclose certain tape recordings of interviews in State Personnel Board investigations as required by F.R.Civ.P. 26(a)(1)(B) should result in sanctions.

Mr. Irions, notably, did not file a motion to compel the production of the tapes, and discovery is permitted through March 1, 2006.

Defendants responded claiming they had not yet determined whether the tapes would be used to support their defense, and therefore automatic disclosure under F.R.Civ.P. 26(a)(1)(B) was not appropriate.  Def.'s Resp. to Mot. Sanctions at ¶ 3. Regardless, the issue of disclosure "is now moot," as Mr. Irions admits that the defendants have "made disclosure and represented that no other tape recordings exist."  Pl.'s Objections at 6.

## II.     MAGISTRATE JUDGE'S ORDER

In ruling on Mr. Irions's Motion for Sanctions, the Magistrate Judge noted that the plainitff "provided no basis whatsoever for any sanctions" and provided "no evidence that defendant, or defense counsel, is proceeding in bad faith, or that plaintiff has been prejudiced."  Order Denying Sanctions at 2, 3.  The Magistrate Judge further held that the motion "is so lacking in any basis for an order of sanctions that I will award to defendants the fees and costs that were incurred in responding to the Motion for Sanctions."  *Id.* at 3.

Magistrate judges are authorized to hear and determine any nondispositive pretrial matter referred to them.  *See* F.R.Civ.P. 72(a), 28 U.S.C. § 636(b)(1)(A). Review of a magistrate judge's rulings on a nondispositive motion, such as the discovery sanctions motion at issue here, is subject to the "clearly erroneous or contrary to law" standard.  *Clark v. Poulton*, 963 F.2d 1361, 1363 (10th Cir.), *cert.*

*denied*, 506 U.S. 1014 (1992); *Smith v. Colorado Interstate Gas Co.*, 794 F. Supp. 1035, 1040 (D. Colo. 1992).   An order is "clearly erroneous" when the reviewing court, after evaluating the entirety of the evidence, is left with the definite and firm conviction that a mistake has been made.  *See Cook v. Rockwell Int'l Corp.,* 147 F.R.D. 237, 243 (D. Colo. 1993) quoting *Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572, 580 (10th Cir. 1990) and *Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533, 1536 (10th Cir. 1990).

The Magistrate Judge's denial of the sanctions sought by plaintiff is sound. The tapes at issue were apparently discovered by defendants' counsel on September 29, 2005, the date of a Personnel Board hearing, when a witness testified as to their existence, as Mr. Irions acknowledges.  *See* Pl.'s Mot. Sanctions at ¶ 24.  In concurrent proceedings before the State Personnel Board, an Administrative Law Judge on October 13, 2005 ordered defendants to produce the tapes to Mr. Irions by October 20, 2005.  Att. D to Pl.'s Mot. Sanctions.  Mr. Irions filed his Motion for Sanctions on October 17, 2005, before this deadline.

Additionally, Mr. Irions provides no basis for the imposition of sanctions other than claiming a violation of F.R.Civ.P. 26(a)(1)(B) occurred.  *See* Pl.'s Mot. Sanctions at ¶¶ 20, 21, and 25.  Nor does Mr. Irions make any showing whatsoever that the Magistrate Judge's findings and conclusions are clearly erroneous or contrary to law other than stating it to be true.  *See* Pl.'s Objections at ¶ 17.  Mr. Irions notes that the Order denying sanctions was entered without allowing him a chance to reply; however, under D.C.Colo.L.Civ.R. 7.1C, a judicial officer may rule on a motion any time after it is filed, despite the time allowed for replying.

The objection as to the Magistrate Judge's imposition of fees and costs against the plaintiff is premature as no amount has been quantified.  Therefore, this issue is remanded to the Magistrate Judge to make such further findings.  In doing so, the Magistrate Judge shall clarify the basis for the award.  Mr. Irions did not have an opportunity to respond in writing or orally before fees and costs were awarded, including filing a reply to Defendants' request for fees in their Response.  *See Michael A. Cramer, MAI, SRPA, Inc., v. United States*, 47 F.3d 379, 383 (10th Cir. 1995) (citing favorably decisions holding that "an evidentiary hearing is generally preferred, if not required, when factual disputes exist in connection with a request for attorneys fees and costs and those disputes cannot be resolved without a hearing").  While a hearing may not be necessary here, at least plaintiff should be permitted a response to the amount of fees and costs sought if not defendants' entitlement to them.  This issue is thus remanded to permit the Magistrate Judge to set forth the actual amount of the award as well as its basis after allowing plaintiff an opportunity to respond.  This will result in a more fully developed record in the event of a renewed objection.

### III.    CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Rule 72 Objections (Dkt. # 61), remanding to the Magistrate Judge the issue of attorneys fees and costs awarded as a result of plaintiff's Motion for Sanctions.

DATED: November 8, 2005

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge