IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00094-PSF-MEH

FRANK IRIONS,

      Plaintiff,

vs.

COLORADO DEPARTMENT OF CORRECTIONS;
JOE ORTIZ, in his official capacity as Executive Director; and
JOANIE SHOEMAKER, individually,

      Defendants.

_____

**ORDER ON MOTION FOR ATTORNEY'S FEES**
_____

Defendants have filed a Motion for Attorney's Fees (Docket #70).  This motion has been referred to this Court by Judge Figa (Docket #71).  The motion has been briefed, and oral argument would not materially aid the Court in its resolution.  For the reasons stated below, the Court **grants** the motion in part and **denies** it in part.

**I.  Facts**

The present motion concerns Defendants' alleged failure to timely supplement Rule 26(a) disclosures and provide discovery to the Plaintiff.  On October 17, 2005, Plaintiff filed a Motion for Sanctions (Docket #56), alleging that defense counsel knew at least by September 29, 2005 of the existence in the government's files of certain audio taped interviews that had potential relevance to the issues in this case.  In a parallel proceeding before the State Personnel Board, an administrative law judge ordered production of the tapes by October 20, 2005.  Plaintiff's Motion for Sanctions was

filed prior to this deadline. Plaintiff received the tapes within three weeks of defense counsel learning of their existence, on October 20, 2005. The discovery cutoff in this case is today, March 1, 2006.

On October 20, 2005, Magistrate Judge Schlatter entered an Order denying Plaintiff's Motion for Sanctions and *sua sponte* awarding Defendants their fees and costs in responding to the Motion for Sanctions, finding that the Motion for Sanctions lacked any basis (Docket #59). Plaintiff appealed Magistrate Judge Schlatter's Order to Judge Figa. On November 8, 2005, Judge Figa affirmed the denial of Plaintiff's Motion for Sanctions and remanded the issue of attorney's fees for the purpose of permitting Plaintiff to respond and for the Magistrate Judge to determine a reasonable amount of fees and costs. Defendants have filed a Motion for Attorney's Fees, requesting an hourly rate for Assistant Attorney General Frederick J. Dindinger II of $195 for 6.6 hours ($1287) and $2.00 for copying charges. Plaintiff has responded, and the matter is ripe for decision.

## II.     Discussion

### A.     Defendants' Entitlement to Attorney's Fees and Costs

In his November 8, 2005 Order, Judge Figa requested that a determination be made of the Defendants' entitlement to attorney's fees and costs after the Plaintiff has had an opportunity to respond. There does not appear to be any factual dispute that would necessitate a hearing on the issue of attorney's fees. Therefore, the Court will rule on the briefs.

In his Order, Judge Figa found noteworthy, as do I, the fact that Plaintiff never filed a motion to compel production of the tapes prior to moving for sanctions. *E.g.*, *Saudi v. Northrop Grumman Corp.*, 221 F.R.D. 452, 456 (E.D. Va. 2004) (under Fed. R. Civ. P. 37, must file a motion to compel prior to seeking sanctions); *Lund v. Unum Life Ins. of America*, 19 F. Supp.2d 1254, 1259 n.3 (D. Utah 1999) (same). Had Plaintiff taken -- in his response to the Motion for Attorney's Fees -- the

least bit of responsibility for this lack of regard for the Federal Rules of Civil Procedure (and, for that matter, the lack of professional cooperation in this instance), the Court would be sympathetic to giving Plaintiff a second chance. No such acceptance of responsibility having been shown, and not the slightest bit of prejudice having even been alleged by Plaintiff concerning the short delay in producing the tapes, the Court finds that Plaintiff has not provided any legal or factual basis for this Court to disturb the original award of attorney's fees.

### B.     Amount of Fees and Costs

Plaintiff contends that the number of hours expended by Mr. Dindinger were excessive, and that the hourly rate charged by Mr. Dindinger is too high. The Court believes that Plaintiff's contentions have merit. The Court agrees with Plaintiff that one hour for review of the Motion for Sanctions and one hour to prepare a two-page, double-spaced response are appropriate under these circumstances. Further, the Court believes that $170.00 is an appropriate hourly rate. In *American Water Development, Inc. v. City of Alamosa*, 874 P.2d 352, 386-87 (Colo. 1994) (en banc), the Colorado Supreme Court determined that $100 per hour was a reasonable rate for a Deputy Attorney General of the State of Colorado. Applying a five percent annual increase since that time, the hourly rate would be approximately $170.00.

### III.     Conclusion

For the foregoing reasons, and based on the record herein, it is **ORDERED** that Motion for Attorney's Fees [Filed November 18, 2005; Docket #70] is **granted in part** and **denied in part** . Attorney's fees and costs shall be awarded to the Defendants in the amount of $342.00.

Dated at Denver, Colorado, this 2nd day of March, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge